1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   NANCY PARQUE,                          No.  2:15-cv-00044 MCE CMK

12              Plaintiff,

13        v.                                **MEMORANDUM AND ORDER**

14   FORT SAGE UNIFIED SCHOOL
     DISTRICT and BRYAN YOUNG,
15
                Defendants.
16

17

18        Through this action, Plaintiff asserts several causes of action based on the

19   discrimination and harassment she allegedly encountered while working at Herlong High

20   School.  Currently pending before the Court is Defendants' Motion to Dismiss (ECF

21   No. 10) Plaintiff's First Amended Complaint ("FAC") (ECF No. 9).  For the reasons that

22   follow, Defendants' Motion is GRANTED in part and DENIED in part.[1]

23   ///

24   ///

25   ///

26   ///

27   _____

28        [1]  Because oral argument would not have been of material assistance, the Court ordered this

                                          1

1

**BACKGROUND**[2]

2

3      Plaintiff Nancy Parque ("Plaintiff") worked as a teacher for Defendant Fort Sage

4  Unified School District ("FSUSD") for approximately twenty-seven years.  Defendant

5  Bryan Young ("Young") was the superintendent of FSUSD and the principal of Herlong

6  High School during the time period relevant to this lawsuit.

7      In September 2012, students in Plaintiff's classes at Herlong High School "began

8  engaging in a continuing practice of severe sexual harassment of Plaintiff . . . ."[3]  Plaintiff

9  reported the harassment to Young on the day that it began and on several occasions

10 thereafter.  Rather than assisting Plaintiff, however, Young instructed other FSUSD staff

11 not to attempt to end the harassment, and he encouraged the students to continue

12 harassing Plaintiff.  According to Plaintiff, it was Young's hope that the harassment

13 would serve as a catalyst for Plaintiff's resignation.  Young's plan came to fruition:  on

14 September 18, 2013, Plaintiff resigned "due to severe stress and emotional difficulties

15 caused by the harassment she endured" on a daily basis for a year.

16     Plaintiff's FAC alleges the following six causes of action:  (1) harassment (hostile

17 work environment based on sex) under Title VII of the Civil Rights Act of 1964 ("Title

18 VII") against both FSUSD and Young (collectively, "Defendants"); (2) constructive

19 termination in violation of Title VII against FSUSD; (3) age discrimination under the Age

20 Discrimination in Employment Act ("ADEA") against FSUSD; (4) retaliation under Title VII

21 against FSUSD; (5) violation of 42 U.S.C. § 1983 against Young; and (6) intentional

22 infliction of emotion distress ("IIED") against Young.  In the pending Motion, Defendants

23 seek dismissal of the first, third, fifth, and sixth causes of action.

24 ///

25 ///

26

27     [2]  The following statement of facts is based on the allegations in Plaintiff's FAC (ECF No. 9).

28     [3]  The FAC details several specific instances of conduct that Plaintiff alleges amounted to severe sexual harassment.

1

2

**STANDARD**

3          On a motion to dismiss for failure to state a claim under Federal Rule of Civil

4    Procedure 12(b)(6),[4] all allegations of material fact must be accepted as true and

5    construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins.

6    Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain

7    statement of the claim showing that the pleader is entitled to relief' in order to 'give the

8    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell

9    Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,

10   47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require

11   detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of

12   his entitlement to relief requires more than labels and conclusions, and a formulaic

13   recitation of the elements of a cause of action will not do."  Id. (internal citations and

14   quotations omitted).  A court is not required to accept as true a "legal conclusion

15   couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

16   Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief

17   above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright &

18   Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the

19   pleading must contain something more than "a statement of facts that merely creates a

20   suspicion [of] a legally cognizable right of action")).

21          Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket

22   assertion, of entitlement to relief."  Twombly, 550 U.S. at 555 n.3 (internal citations and

23   quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard

24   to see how a claimant could satisfy the requirements of providing not only 'fair notice' of

25   the nature of the claim, but also 'grounds' on which the claim rests."  Id. (citing Wright &

26   Miller, supra, at 94, 95).  A pleading must contain "only enough facts to state a claim to

27   relief that is plausible on its face."  Id. at 570.  If the "plaintiffs . . . have not nudged their

28          [4]  All subsequent references to "Rule" are to the Federal Rules of Civil Procedure.

1    claims across the line from conceivable to plausible, their complaint must be dismissed."

2    Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge

3    that actual proof of those facts is improbable, and 'that a recovery is very remote and

4    unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

5         A court granting a motion to dismiss a complaint must then decide whether to

6    grant leave to amend.  Leave to amend should be "freely given" where there is no

7    "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice

8    to the opposing party by virtue of allowance of the amendment, [or] futility of the

9    amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.

10   Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to

11   be considered when deciding whether to grant leave to amend).  Not all of these factors

12   merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . .

13   carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,

14   185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that

15   "the complaint could not be saved by any amendment."  Intri-Plex Techs. v. Crest Grp.,

16   Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006,

17   1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.

18   1989) ("Leave need not be granted where the amendment of the complaint . . .

19   constitutes an exercise in futility . . . .")).

20

21                                **ANALYSIS**

22

23        Defendants seek dismissal of four of Plaintiff's claims.  For the following reasons,

24   Defendants' Motion to dismiss is GRANTED as to Plaintiff's harassment and age

25   discrimination claims (first and third causes of action), GRANTED in part and DENIED in

26   part as to Plaintiff's due process claim (fifth cause of action) and DENIED as to Plaintiff's

27   IIED claim (sixth cause of action).

28   ///

                                      4

**A.  First Cause of Action:  Harassment Under Title VII**

Plaintiff directs her first cause of action at both FSUSD and Young.  Defendants argue, and Plaintiff concedes, that this claim should be dismissed as to Young. Accordingly, Defendants' Motion is GRANTED on this basis, and Plaintiff's Title VII harassment claim is DISMISSED with prejudice as to Young.

**B.  Third Cause of Action:  Age Discrimination Against FSUSD**

Plaintiff's third cause of action is directed at FSUSD only.  FSUSD seeks dismissal of that claim on the grounds that it is entitled to immunity under the Eleventh Amendment to the United States Constitution.[5]

"[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).  California school districts are state agencies immune to suit under the Eleventh Amendment.  Belanger v. Madera Unified Sch. Dist., 963, F.2d 248, 254 (9th Cir. 1992).  Although Congress may, with a valid grant of constitutional authority, abrogate Eleventh Amendment immunity in a specific law, the United States Supreme Court has declared "ADEA's purported abrogation of the States' sovereign immunity . . . invalid."  Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 91 (2000).

The FAC makes clear that FSUSD is a California school district and therefore entitled to immunity under the Eleventh Amendment.  Because the ADEA does not abrogate that immunity and because FSUSD has not consented to this suit, Defendants' Motion is GRANTED and the third cause of action is DISMISSED with prejudice.

///

///

///

///

---

[5]  Plaintiff's Opposition to Defendants' Motion (ECF No. 11) does not address or even acknowledge FSUSD's request to dismiss the third cause of action.

### C. Fifth Cause of Action: § 1983 Violation Against Young

Plaintiff's fifth cause of action is a § 1983 claim[6] against Young based on an alleged deprivation of Plaintiff's Fourteenth Amendment due process rights.  According to Plaintiff, her constructive termination from Herlong High School violated both her substantive and procedural due process rights.  Young, however, contends this claim should be dismissed on the grounds that he is entitled to qualified immunity because he did not violate a clearly established constitutional right.

### 1. Substantive Due Process

"The right to pursue a chosen profession is protected by substantive due process . . . ." Engquist v. Or. Dep't of Agric., 478 F.3d 985, 998 (9th Cir. 2007).  However, the right is "to pursue an entire profession, and not the right to pursue a particular job." Id. (emphasis added).  To rise to the level of a substantive due process violation, governmental conduct must make it "virtually impossible" for Plaintiff to find new employment within the profession.  Id.  Such a claim is limited to "extreme cases, such as a 'government blacklist, which when circulated or otherwise publicized to prospective employers effectively excludes the blacklisted individual from his occupation, much as if the government had yanked the license of an individual in an occupation that requires licensure.'"  Id. at 997-98 (quoting Olivieri v. Rodriguez, 122 F.3d 406, 408 (7th Cir. 1997)).

Although Plaintiff's FAC does not specify the right on which she bases her substantive due process claim, the right described in Engquist appears to be the most applicable.  Plaintiff, however, has not alleged that she was deprived of her right to pursue a profession.  Rather, the FAC suggests that Young deprived her only of a job at Herlong High School, and there is no suggestion that the harassment made it "virtually impossible" for Plaintiff to pursue teaching opportunities elsewhere.

///

---

[6]  See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) ("42 U.S.C. § 1983 creates a cause of action against a person who, acting under color of state law, deprives another of rights guaranteed under the Constitution.").

1  Accordingly, the fifth cause of action is DISMISSED without prejudice to the
2  extent that it alleges a substantive due process claim.[7]

3  **2. Procedural Due Process**

4  A § 1983 claim based upon procedural due process consists of (1) a deprivation
5  of a liberty or property interest protected by the Constitution, and (2) a denial of
6  adequate procedural protections.  See Brewster v. Bd. of Educ. of the Lynwood Unified
7  Sch. Dist., 149 F.3d 971, 982 (9th Cir.1998).  If a liberty or property interest exists, the
8  essential requirements of due process are notice and an opportunity to respond.  See
9  Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985).

10  Under California law, "[a] certified employee is classified as permanent, i.e.,
11  acquires tenure, if, after having been employed for two complete successive school
12  years in a position requiring certification qualifications, he or she is reelected for the
13  following year."  Bakersfield Elementary Teachers Ass'n v. Bakersfield City Sch. Dist.,
14  145 Cal. App. 4th 1260, 1278-79 (2006) (citing Cal. Educ. Code § 44929.21(b)). Tenured
15  teachers "possess a property right in continued employment . . . ."  Barthuli v. Bd. of Trs.
16  of Jefferson Elementary Sch. Dist., 19 Cal.3d 717, 722 (1977) (citations omitted).  "[T]he
17  state must comply with procedural due process requirements before it may deprive [a]
18  permanent employee of [their] property interest [in continued employment] by punitive
19  action."  Bostean v. L.A. Unified Sch. Dist., 63 Cal. App. 4th 95, 110 (1998).

20  Here, the FAC alleges that Plaintiff taught in the FSUSD for twenty-seven years
21  before leaving her position in September 2012.  She therefore appears to be a tenured
22  teacher with a property right in continued employment.[8]  Furthermore, Plaintiff has

23
24  [7] If Plaintiff bases her substantive due process claim on a different fundamental right, she may file a Second Amended Complaint that specifically identifies that right.

25  [8] The United States Supreme Court is currently split on the issue of whether liberty and property interests arising under the Constitution for procedural due process purposes are the same as fundamental rights requiring substantive due process protection.  See Kerry v. Din, No. 13-1402, ___ U.S. ___, ___,
26  2015 WL 2473334, at *1 (June 15, 2015).  In Kerry v. Din, Justice Breyer's dissent—which three other justices joined—distinguished liberty and property interests that warrant procedural due process
27  protections from fundamental rights that warrant substantive due process protections.   Justice Scalia's three-judge plurality opinion, however, challenged the notion that "there are two categories of implied
28  rights protected by the Due Process Clause:  really fundamental rights, which cannot be taken away at all

1    sufficiently alleged that she did not receive any, let alone adequate, procedural

2    protections.  Specifically, Plaintiff alleges that when she informed Young of the

3    harassment that eventually led to her retirement, Young not only instructed other FSUSD

4    staff not to try to quell the harassment, but he also encouraged the students to continue

5    with their conduct.

6          Thus, Plaintiff has sufficiently alleged that she had a liberty interest in continued

7    employment with FSUSD, and that she was deprived of that liberty interest without

8    adequate protections.  Accordingly, Plaintiff has sufficiently pled a prima facie § 1983

9    claim based upon a deprivation of her procedural due process rights under the

10   Fourteenth Amendment.

11                          **3.  Qualified Immunity**

12         Young argues that he is nonetheless entitled to qualified immunity on Plaintiff's

13   § 1983 procedural due process claim.  The doctrine of qualified immunity protects

14   government officials "from liability for civil damages insofar as their conduct does not

15   violate clearly established statutory or constitutional rights of which a reasonable person

16   would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  More succinctly:

17   "Qualified immunity is applicable unless the official's conduct violated a clearly

18   established constitutional right."  Pearson v. Callahan, 555 U.S. 223, 232 (2009).

19   "Where the defendant seeks qualified immunity, a ruling on that issue should be made

20   early in the proceedings so that the costs and expenses of trial are avoided where the

21   defense is dispositive."  Saucier v. Katz, 533 U.S. 194, 200 (2001), overruled on other

22   grounds, Pearson, 555 U.S. at 227.

23         Here, Young argues that he is entitled to qualified immunity because the

24   procedural protections required for depriving a tenured teacher of her property interest in

25   continued employment through a constructive termination are not clearly established.

26   _____

27   absent a compelling state interest; and not-so-fundamental rights, which can be taken away so long as
     procedural due process is observed."  Id. at *8.  In any event, this Court has no difficulty concluding that
     Plaintiff's property interest in continued employment as a tenured teacher warrants procedural due
28   process protections but not substantive due process protections.

1    See Defs.' Reply, ECF No. 12, at 2 ("[I]t has not been clearly established what

2    procedural due process an employee claiming constructive termination is due.").

3    Young's argument, however, fails to appreciate that the Ninth Circuit has determined

4    that "a retirement or resignation may be involuntary and constitute a deprivation of

5    property for purposes of a due process claim" alleged in a § 1983 action.

6    Knappenberger v. City of Phoenix, 566 F.3d 936, 941 (9th Cir. 2009).[9]  Knappenberger,

7    a case decided in 2009, by itself forecloses Young's argument that Plaintiff's due

8    process rights were not clearly established when she was constructively terminated

9    between September 2012 and September 2013.  See Mattos v. Agarano, 661 F.3d 422,

10   446 (9th Cir. 2011) (en banc) ("We begin our inquiry into whether this constitutional

11   violation was clearly established by looking at the most analogous case law that existed

12   when [the challenged conduct occurred]").  Although Knappenberger did not address

13   what specific protections are required in the constructive termination context, it implies

14   that some process is due.  In the absence of additional guidance, the Court must resort

15   to "the essential requirements of due process," notice and an opportunity to respond.

16   See Loudermill, 470 U.S. at 546.  Plaintiff's FAC, which describes Young's response to

17   her complaints of the harassment that eventually led to her retirement, sufficiently

18   alleges that she was not provided notice and an opportunity to respond.  Accordingly,

19   Young is not entitled to qualified immunity on Plaintiff's § 1983 procedural due process

20   claim.

21   ///

22   _____

     [9]  See also Lauck v. Campbell Cnty., 627 F.3d 805, 813 (10th Cir. 2010) ("This is not to say that
23   there is no such thing as a due-process constructive-discharge claim. . . . An employer cannot circumvent
     the due-process requirements that would attend a true firing by trying to compel a resignation in a manner
24   that violates the employee's property (that is, contract) rights."); Buchanan v. Little Rock Sch. Dist. of
     Pulaski Cnty., Ark., 84 F.3d 1035, 1038 n.3 (8th Cir. 1996) ("had she been terminated or had her transfer
25   amounted to a constructive termination, the due process clause could have been implicated"); Stone v.
     Univ. of Md. Med. Sys. Corp., 855 F.2d 167, 173 (4th Cir. 1988) ("If, on the other hand, [plaintiff's]
26   'resignation' was so involuntary that it amounted to a constructive discharge, it must be considered a
     deprivation by state action triggering the protections of the due process clause.  A public employer
27   obviously cannot avoid its constitutional obligation to provide due process by the simple expedient of
     forcing involuntary 'resignations.'"); Fowler v. Carrollton Public Library, 799 F.2d 976, 981 (5th Cir. 1986)
28   ("Constructive discharge in a procedural due process case constitutes a § 1983 claim only if it amounts to
     forced discharge to avoid affording pretermination hearing procedures.").

1    Young's Motion to Dismiss is therefore GRANTED to the extent that it seeks

2    dismissal of Plaintiff's § 1983 substantive due process claim and DENIED to the extent

3    that it seeks dismissal of Plaintiff's § 1983 procedural due process claim.

4         **D.  Sixth Cause of Action:  IIED Against Young**

5         Plaintiff's IIED claim is directed at Young only.  In the pending Motion, Young

6    argues that if the Court dismisses the Title VII harassment and the § 1983 claim against

7    him,[10] the IIED claim will be the only remaining claim against him.  Young argues that

8    because the IIED claim is a state law claim, the Court should decline supplemental

9    jurisdiction over that claim and dismiss him from the case.

10        In this case, the Court has original jurisdiction over the Title VII claims against

11   FSUSD and the § 1983 procedural due process claim against Young because those

12   claims arise under federal laws.  The FAC makes clear that the IIED claim is based on

13   the exact same facts as the Title VII claims and the § 1983 procedural due process

14   claim.  It follows that the IIED claim should ordinarily be tried with those federal causes

15   of action.  See 28 U.S.C. § 1367(a); United Mine Workers v. Gibbs, 383 U.S. 715, 725

16   (1966).  Accordingly, Defendants' Motion is DENIED to the extent it requests that the

17   Court decline to exercise supplemental jurisdiction over the IIED claim against Young.

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28
_____
     [10] This Order fulfils only one of those conditions.

1

**CONCLUSION**

2

3          Defendants' Motion to Dismiss (ECF No. 10) is GRANTED in part and DENIED in

4    part as follows:

5          1.  The Motion is GRANTED as to the first and third causes of action.  Thus, the

6    Title VII harassment claim against Defendant Young and the ADEA claim against

7    Defendant FSUSD are DISMISSED with prejudice.

8          2.  As to the fifth cause of action, the Motion is GRANTED to the extent that it

9    seeks dismissal of Plaintiff's substantive due process claim and DENIED to the extent

10   that it seeks dismissal of Plaintiff's procedural due process claim.  Plaintiff's substantive

11   due process claim is DISMISSED without prejudice.

12         3.  The Motion is DENIED to the extent that it requests that the Court decline

13   supplemental jurisdiction over the IIED claim against Defendant Young.

14         4.  Not later than twenty (20) days following the date this Order is electronically

15   filed, Plaintiff may, but is not required to, file an amended complaint.  If no amended

16   complaint is filed, the causes of action dismissed by virtue of this Order will be deemed

17   dismissed WITH PREJUDICE upon no further notice to the parties.

18         IT IS SO ORDERED.

19   Dated:  July 8, 2015

20

21

22   _____
     MORRISON C. ENGLAND, JR., CHIEF JUDGE
23   UNITED STATES DISTRICT COURT

24

25

26

27

28