**Anthony J. Poidmore CSB No. 51346**

A Professional Corporation
**LAW OFFICES OF
ANTHONY J. POIDMORE**

1520 EUREKA ROAD, STE. 101
ROSEVILLE, CA 95661
(916) 787-1290
(916) 787-1293

Attorneys for Plaintiff
NANCY PARQUE

**T. James Fisher CSB No. 64079**

ATTORNEY AT LAW
**LAW OFFICES OF
T. JAMES FISHER**

1721 COURT STREET
REDDING, CA 96001
(530) 244-0909
(530) 244-0923

Attorneys for Plaintiff
NANCY PARQUE

**John P. Kelley CSB No. 168904**

LAW OFFICES OF
**HALKIDES, MORGAN &
KELLEY**

833 MISTLETOE LANE, STE. 100
REDDING, CALIFORNIA 96002
(530) 221-8150
FAX  (530) 221-7963
John@Reddinglaw.com

Attorneys for Defendants
FORT SAGE UNIFIED SCHOOL
DISTRICT and BRYAN YOUNG

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| NANCY PARQUE, | No. 2:15-cv-00044-MCE-CMK |
| Plaintiff | STIPULATED PROTECTIVE ORDER AND ORDER TO RELEASE RECORDS |
| v. | |
| THE FORT SAGE UNIFIED SCHOOL DISTRICT and BRYAN YOUNG, | |
| Defendants. | |
| _____/ | |

1

1.    **PURPOSES AND LIMITATIONS:**

In this matter, Plaintiff was a schoolteacher employed with Defendant Fort Sage Unified School District.   Plaintiff alleges she was sexually harassed by multiple students in her class and administrators of the School District intentionally failed to remedy the situation to force Plaintiff to retire.   Defendants deny these allegations. Both sides recognize to adequately and fully litigate this matter, information, including discipline records, special education files, attendance history, cumulative folders, and other records, about students will be needed and/or sought in discovery for the prosecution and/or defense of this litigation. The parties however recognize both California law, Education Code section 49076, and Federal law, 20 U.S.C. § 1232g, 34 C.F.R. § 99.31(a)(9), prohibit the disclosure of pupil records without written parental consent or a judicial order.  Rather than seeking a judicial order every time a pupil's record is requested or information about a pupil is discussed in a deposition, thus multiple court orders and long delays, the parties, by and through their counsel, seek a blanket order from the Court the parties can disclose and exchange pupil records and information pursuant to a stipulated protective order the information only be used for purposes of this litigation and not disseminated to any third parties, except those that are directly related to the litigation and as set forth below.   The School District and Plaintiff are already familiar with most of their information, but a court order is needed so the information can be exchanged and discussed in discovery.

2.    **DEFINITIONS:**

2.1 <u>Challenging Party:</u>  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "<u>CONFIDENTIAL" Information or Items:</u>  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rue of Civil Procedure 26(c).

2.3 <u>Counsel (without qualifier):</u>  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 <u>Designating Party:</u>  a Party or Non-Party that designates information or items that it produces or in responses to discovery as "CONFIDENTIAL."

2.5 <u>Disclosure Discovery Material:</u>  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including among

2

other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7   House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8   Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9   Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10   Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.15   "Student Records" or "Pupil Records":  as used in this stipulation and order, the phrase "student record" and "pupil record" means any and all items as defined by California Education Code section 49061(b) and shall include "directory information" as used by California Education Code section 49061(c).

**3.    SCOPE:**

The protections conferred by this Stipulation and Order cover not only

Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.   However, the protections conferred by the Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.   Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.**      **DURATION:**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a court order directs otherwise.   Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.**      **DESIGNATING PROTECTED MATERIAL:**

5.1    All Student Records Shall be Designated as Confidential.

All student records, as defined in 2.15 above, shall be designated as "confidential" either at the time of its production in discovery or at the time it is revealed in a deposition.   Counsel for each party shall insure all student records produced by its client are marked confidential.   Both counsel shall seek, at the earliest possible opportunity, to designate portions of depositions which disclose confidential student records as confidential as soon as the need to do so is apparent.   The parties shall also only seek student records and information about students directly relevant to the claims and defenses and shall not seek student records beyond that necessary for the prosecution and/or defense of the litigation.

4

5.2   <u>Manner and Timing of Designations.</u>   Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.

(b)   for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)   for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."   If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3   <u>Inadvertent Failures to Designate.</u>   If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable

efforts to assure that the material is treated in accordance with the provisions of this Order.

6. **CHALLENGING CONFIDENTIALLY DESIGNATIONS**

6.1 <u>Timing of Challenges.</u>   Any Party or Non-Party may challenge a designation of confidentiality at any time.  A prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation; a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>.   The challenging Party shall initiate the dispute resolution process by providing written notice of each designation and describing the basis for each challenge.   To avoid ambiguity as to whether a challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with the specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of the service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 <u>Judicial Intervention.</u>  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 141 (and in compliance with Civil Local Rule 141, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party

to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation at any time of there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.**     **ACCESS TO AND USE OF PROTECTED MATERIAL**.

7.1   Basic Principles.   A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with the case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items.   Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)  the officers, directors, and employees (including House Counsel) of

7

the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)   Experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone expect as permitted under this Stipulated Protective Order.

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise processed or new the information.

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)   promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this

action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION.**

(a)  the terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) due to the nature of this litigation, it is anticipated both sides in the litigation will seek and/or desire to produce and/or use non-party/student information in this litigation that is protected by both State and Federal law.  Defendant Fort Sage Unified School District is under a legal obligation not to produce student information without a court order.  Pursuant to this stipulation, the parties hereby request the Court enter a blanket order the School District can produce student confidential material that is directly relevant to the litigation.  The parties stipulate such student information will automatically be designated as "CONFIDENTIAL" and will not be disseminated beyond the parties to this litigation, their counsel, staff or experts without a further order from this Court.  Pursuant to Local Rule 141.1(c), the types of student records which the parties anticipate exchanging in discovery are student disciplinary records, student attendance records, students cumulative folders, student special education folders, student class schedules, referrals for discipline and student related information in emails.   Those students whose information is anticipated to be exchanged in discovery are all students who were in Plaintiff's classes at Fort Sage Junior/Senior High School in September of 2012, through June 2014, and/or were students alleged to have harassed Plaintiff during the same timeframe.  A court order is necessary as these records are protected by both State and Federal law from dissemination without a court order.  Therefore a blanket court order is sought so the parties can exchange such information without seeking Court approval for each such

9

disclosure.  Since the materials are protected by State and Federal law, the parties desire the intrusion into student private and confidential school records be as minimal as possible and prevent dissemination beyond this litigation.  A court order is necessary, as opposed to a private agreement among the parties, because the records cannot be released without a court order in the first instance; see California Education Code section 49076.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL.**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

**12.    MISCELLANEOUS.**

12.1    <u>Right to Further Relief.</u>  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    <u>Right to Assert Other Objections.</u>  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    <u>Filing Protected Material.</u>  Without a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party may seek to file under seal any Protected Material by complying with Civil Local Rule 141. Protected Material may only be filed under seal

10

pursuant to court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 141, a sealing order will issue only upon a request establishing that the protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.

## 13.  <u>FINAL DISPOSITION.</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of  the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).


IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED:  September 2, 2015            LAW OFFICES OF ANTHONY J. POIDMORE




By:___/s/  ANTHONY J. POIDMORE_____
          ANTHONY J. POIDMORE
          Attorney for Plaintiff
          NANCY PARQUE

DATED: September 2, 2015          LAW OFFICES OF T. JAMES FISHER


By:____/s/  T. JAMES FISHER_____
        T. JAMES FISHER
        Attorney for Plaintiff
        NANCY PARQUE


DATED: September 2, 2015          HALKIDES, MORGAN & KELLEY


By:____/s/ JOHN P. KELLEY_____
        JOHN P. KELLEY
        Attorneys for Defendants
        FORT SAGE UNIFIED SCHOOL
         DISTRICT and BRYAN YOUNG




PURSUANT TO THE ABOVE STIPULATION, the Court finds good cause for the parties to freely exchange what otherwise would be confidential student records directly related to this litigation so long as the production of such information is designated as "CONFIDENTIAL" and is subject to this protective order.  IT IS SO ORDERED.

Dated:  October 5, 2015


_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE




**EXHIBIT "A"**


12

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of _____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ in the case of *Nancy Parque v. The Fort Sage Unified School District and Bryan Young*, Case No. 2:15-cv-00044-MCE-CMK.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United State District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____[print or type full name] of _____[print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order

Date:_____

City and State where sown and signed:_____

Printed name:_____

Signature:_____