UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| NANCY PARQUE, | No. 2:15-cv-00044-MCE-CMK |
|---|---|
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| FORT SAGE UNIFIED SCHOOL DISTRICT and BRYAN YOUNG, | |
| Defendants. | |

Through this action, Plaintiff Nancy Parque ("Plaintiff") asserts several causes of action based on discrimination and harassment she allegedly encountered while working at Herlong High School ("Herlong") against Defendants Fort Sage Unified School District ("FSUSD") and Bryan Young ("Young"), the superintendent of FSUSD and Herlong's principal (collectively "Defendants"). Currently pending before the Court are Defendants' Motion for Summary Judgment (ECF No. 28) and Plaintiff's Motion to Amend the Pretrial Scheduling Order ("PTSO") and to File a Second Amended Complaint (ECF No. 32). For the reasons that follow, Plaintiff's Motion is DENIED, and Defendants' Motion is GRANTED.[1]

---

[1] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs in accordance with Local Rule 230(g).

1

# BACKGROUND[2]

Plaintiff worked as a teacher for FSUSD for approximately twenty-seven years. According to Plaintiff, in September 2012, students in Plaintiff's classes at Herlong "began engaging in a continuing practice of severe sexual harassment of Plaintiff . . . ." First Amended Complaint ("FAC"), ECF No. 9, ¶ 7. Plaintiff contends she reported the harassment to Young on the day that it began and on several occasions thereafter. Rather than assisting Plaintiff, however, Young instructed other FSUSD staff not to attempt to end the harassment, and he encouraged the students to continue their behavior with the hope that the harassment would serve as a catalyst for Plaintiff's resignation. Young's plan came to fruition: Plaintiff avers in her FAC that, on September 18, 2013, she resigned "due to severe stress and emotional difficulties caused by the harassment she endured" on a "near daily basis" for a year. Id.

Plaintiff thereafter initiated this action, by which she pled the following six causes of action: (1) harassment under Title VII of the Civil Rights Act of 1964 against both FSUSD and Young; (2) constructive termination in violation of Title VII against FSUSD; (3) age discrimination under the Age Discrimination in Employment Act against FSUSD; (4) retaliation under Title VII against FSUSD; (5) due process violations against Young; and (6) intentional infliction of emotion distress ("IIED") against Young. On Defendants' Motion, the Court previously dismissed Plaintiff's First and Third Causes of Action in their entirety and the Fifth Cause of action to the extent it sought to recover for substantive as opposed to procedural due process violations. ECF No. 14. The parties thereafter stipulated to the dismissal of the Fourth Cause of Action. ECF Nos. 20, 21. Accordingly, the only claims that remain to be adjudicated by way of Defendants' Motion are Plaintiff's construction termination claim (Second Cause of Action), her procedural due process claim, which also arises out of her purported constructive discharge (Fifth Cause of Action), and her IIED (Sixth Cause of Action) claim.

---

[2] The material facts included herein are undisputed.

Plaintiff timely opposed Defendants' Motion and simultaneously moved to amend this Court's PTSO to permit her to file a Second Amended Complaint.[3] More specifically, Plaintiff seeks to amend the last sentence of Paragraph 27, which currently reads, "Because of her physical and emotional condition, Plaintiff has not been able to return to work since that date." The "date" referred to there is the September 18, 2013, date Plaintiff avers she was constructively discharged. Plaintiff asks that she be permitted to amend this sentence to instead read, "Except for a brief 10 day trial period commencing 5/22/14, Plaintiff has not been able to return to work since that date." Pl.'s Mot. at 3. Plaintiff requests this change because, contrary to the allegations in the Complaint, she did, in fact, return to work for ten days in the spring of 2014.

**STANDARDS**

### A. Motion to Amend the PTSO

Generally, a motion to amend is subject to Rule 15(a) of the Federal Rules of Civil Procedure, which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16[,] which establishe[s] a timetable for amending pleadings[,] that rule's standards control[ ]." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992); see In re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 737 (9th Cir. 2013).

Rule 16(b) requires a party seeking leave to amend to demonstrate "good cause." Fed. R. Civ. P. 16(b). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." Johnson, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." Id. Although "the focus of the inquiry is upon the

///

---

[3] In her opposition to Defendants' Summary Judgment Motion, Plaintiff concedes that the Sixth Cause of Action should be dismissed. ECF No. 31-3 at 1 n.1. Defendants' Motion is thus GRANTED as to that claim.

3

1 moving party's reasons for seeking modification," a court may make its determination by
2 noting the prejudice to other parties. Id.

### B. Motion for Summary Judgment

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex, 477 U.S. at 325.

Rule 56 also allows a court to grant summary judgment on part of a claim or defense, known as partial summary judgment. See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378–79 (C.D. Cal. 1995). The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment. See Fed. R. Civ. P. 56(a); State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying the summary judgment standard to a motion for summary adjudication).

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. "However, if the nonmoving party bears the burden of proof on an issue at trial, the moving party need not produce affirmative evidence of an absence of fact to satisfy its burden." In re Brazier Forest Prods. Inc., 921 F.2d 221, 223 (9th Cir. 1990). If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288–89 (1968).

In attempting to establish the existence or non-existence of a genuine factual dispute, the party must support its assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits[,] or declarations . . . or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251–52 (1986); Owens v. Local No. 169, Ass'n of W. Pulp & Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987). The opposing party must also demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In other words, the judge needs to answer the preliminary question before the evidence is left to the jury of "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)). As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. Therefore, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Id. at 587.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.
///

Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

## ANALYSIS

### A. Plaintiff's Motion to Modify the PTSO

Plaintiff's Motion is denied for failure to make the requisite showing of diligence in seeking to amend the FAC. Nothing has changed since the inception of this litigation that could remotely qualify as newly discovered facts or changed circumstances warranting amendment now. To the contrary, while Plaintiff indicates in her Motion that "discovery has shown" she returned to work for a 10-day period in 2014, ECF No. 32-1 at 2, Plaintiff has known all along when she worked at Herlong, when she was on leave, and any times she returned to work. For this reason as well, it is irrelevant that neither former nor current counsel apparently discussed this fact in more detail with Plaintiff. Plaintiff had actual knowledge of the dates she worked; it did not require discovery to uncover this detail. She should have included this information in the initial complaint or recognized the error shortly after and sought to remedy her allegations. Instead, until her June 2016 deposition, it appears Plaintiff answered all discovery responses with reference to the September 2013 date. Each of those discovery requests presented an opportunity for Plaintiff to correct the record, which she did not.[4] It is also irrelevant that Defendants were privy to this information as well, since it is not their duty to draft and prosecute Plaintiff's case. Plaintiff's Motion is DENIED.

///
///
///
///

---

[4] Even if current counsel first discovered the information regarding Plaintiff's May 2014 return to work, the motion to amend was filed six months later with no explanation for this additional delay.

## B. Defendants' Motion for Summary Judgment

Given that Plaintiff claims in her FAC that she was constructively discharged on September 18, 2013, but it is undisputed that she instead went on temporary medical leave and returned to work for ten days in 2014, Defendants are entitled to summary judgment on Plaintiff's Second and Fifth Causes of Action.[5] On the current record, there is no way in which Plaintiff can show she was constructively discharged as alleged in the FAC when she returned to her job the following year without resigning in the interim. Plaintiff's decision to go on medical leave in 2013 is insufficient to rise to the level of a constructive discharge because she did not permanently leave her employment at that time. Instead, she remained on leave until she was able to return to teaching at the end of the school year. Plaintiff's authorities in support of her arguments to the contrary are thus inapposite because they each involve an employee who was <u>never</u> able to return to work. See, e.g., Colores v. Board of Trustees, 105 Cal. App. 4th 1293, 1317-18 (2003) (employee's decision to take a disability retirement rather than resigning outright did not preclude finding of constructive discharge). Accordingly, those cases have no bearing on the instant action in which Plaintiff could and did go back to teaching. Moreover, Plaintiff's argument runs contrary to common sense. Indeed, it defies logic that one can be constructively terminated when she maintained her employment and actually returned to work. Because Plaintiff cannot show on the undisputed facts that she was constructively terminated in September 2013, Defendants are entitled to judgment on Plaintiff's only remaining claims, both of which depend on that purported constructive discharge.

///
///
///
///

---

[5] To the extent Plaintiff argues she was constructively discharged on some later date, no such claim is included in the FAC and her current arguments are thus rejected.

7

**CONCLUSION**

For the reasons set forth above Plaintiff's Motion to Amend the Pretrial Scheduling Order and to File a Second Amended Complaint (ECF No. 32) is DENIED, and Defendants' Motion for Summary Judgment (ECF No. 28) is GRANTED. The Clerk of the Court is directed to enter judgment in favor of Defendants.

IT IS SO ORDERED.

Dated: August 21, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE